UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,  )
                Plaintiff,  )
                                     )    No. 1:25-cv-761
-v-   )
                                     )    Honorable Paul L. Maloney
BRIAN ANDR'E WARREN,  )
                Defendant.  )
_____)

## ORDER REMANDING LAWSUIT

Defendant Brian Warren filed a notice of removal of his criminal action. Having reviewed the notice, the court will remand the matter to the state courts.

In 1995, the State Michigan initiated a criminal action against Defendant Brian Warren. At a trial held in the Calhoun County Circuit Court, a jury found Defendant guilty of first-degree felony murder, two counts of first-degree criminal sexual conduct, assault and battery, kidnapping, and unlawfully driving away in an automobile. The jury also convicted Defendant of home invasion but the court set that conviction aside as the predicate crime for the felony-murder conviction. Defendant's wife, the victim of several of the criminal charges, testified against Defendant at trial. The court sentenced Defendant, in part, to life without parole for the felony murder conviction.

Defendant unsuccessfully challenged the convictions on appeal and in collateral proceedings in the state courts. The Michigan Court of Appeals affirmed the convictions. *People v. Warren*, 578 N.W.2d 692 (Mich. Ct. App. 1998). The Michigan Supreme Court found error in the rationale used by the Court of Appeals but, nevertheless, affirmed

Defendant's convictions. *People v. Warren*, 615 N.W.691 (Mich. 2000). Defendant subsequently pursued multiple avenues for relief in the state courts, including "several motions for relief from judgment" and other civil actions. *Warren v. Barnett*, No. 335192, 2017WL 6390064, at *1 (Mich. Ct. App. Dec. 14, 2017) (per curiam).

A criminal defendant in a state court proceeding may, under 28 U.S.C. § 1443, remove the action to federal district court under limited circumstances. The defendant must file the notice of removal within 30 days after the arraignment in the state court, or at any time before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). A federal district court may enter an order granting a defendant leave to file a notice of removal at a later time but only for good cause. *Id.*; *see Williams v. Corrigan*, No. 22-2096, 2023 WL 3868657, at *2 (6th Cir. May 12, 2023). Section 1455(b)(4) instructs that the federal district court should "examine the notice promptly" and if it "clearly appears that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b).

The court finds Defendant has not met his burden for leave to remove the state-court criminal action. A criminal defendant cannot remove a state-court criminal action to federal court after entry of judgment. *State v. Renteria*, No. EP-23-CR-2080, 2023 WL 7894004, at *6 (W.D. Tex. Oct. 31, 2023) (collecting cases). The text of § 1443 and § 1455 indicate that a defendant may remove an ongoing criminal prosecution, not a criminal action where judgment has already entered. Section 1443 provides for removal to the federal district court "embracing the place wherein it is *pending*." 28 U.S.C. § 1443. Section 1455 uses similar language instructing the defendant to file a notice of removal in the district "within which such prosecution is *pending*." *Id.* § 1455. The statutes do no permit removal more than

twenty years after a criminal defendant exhausted his appeals and collateral attacks in the state court system.

The court has reviewed the Western District's electronic records and concludes that Defendant's incessant filings constitute a burden on this court and merit additional restrictions. Defendant has already been placed on this district's three-strikes list, which limits his ability to proceed *in forma pauperis.* This notice of removal constitutes at least the fourth attempt by Defendant to remove the criminal action against him to federal court. *See People v. Warren*, No. 1:25cv474 (W.D. Mich. 2025); *Warren v. MDOC*, No. 1:05cv652 (W.D. Mich. 2005); *Warren v. People*, No. 1:05cv314 (W.D. Mich. 2005). In 2005, Defendant filed a federal habeas action in the Western District of Michigan challenging the convictions in the 1995 criminal action. *Warren v. Jackson*, 1:05cv791 (W.D. Mich.). Judge Wendell Miles denied the petition in 2008. During that litigation, Defendant filed more than a dozen motions he identified as emergencies (dkts. 10, 30, 40, 44, 57, 90, 99, 103, 109, 111, 116, 126 and 135). In 2008, he filed a second habeas petition challenging the same 1995 convictions. *Warren v. Harry*, No. 1:08cv973 (W.D. Mich.). He sought leave to file a third habeas petition challenging the same underlying convictions in 2010. *Warren v. Birkett*, No. 1:10cv862 (W.D. Mich.). On December 12, 2011, Defendant filed seven different habeas petitions in the Western District of Michigan in which he challenged other convictions in the state courts. *Warren v. Smith*, No. 1:11cv1301 (1990 conviction for attempted no account check); *Warren v. Smith*, No. 1:11cv1302 (1994 conviction for assault and battery); *Warren v. Smith*, No. 1:11cv1303 (1991 conviction for school trespass); *Warren v. Smith*, No. 1:11cv1304 (two 1990 convictions for check no account); *Warren v.*

*Smith*, No. 1:11cv1305 (two 1983 convictions for larceny and receiving and concealing); *Warren v. Smith*, 1:11cv1306 (1989 conviction for possession of a dangerous weapon in motor vehicle); *Warren v. Smith*, No. 1:11cv1307 (1991 conviction for no account check).

Defendant's abuse of the court system is not limited to the Western District. Defendant filed a habeas petition challenging the same 1995 convictions in the Eastern District of Michigan. *Warren v. Jackson*, No. 2:00cv73560 (E.D. Mich. 2000). In that lawsuit, Defendant filed at least nine motions which were transferred to the Sixth Circuit as requests for leave to file a second or successive habeas petition. In February 2024, the Sixth Circuit imposed restrictions on Defendant, describing his filings as "frivolous and vexatious." *In re Warren*, No. 23-1983 (6th Cir. Feb. 15, 2024). In 2004, Defendant filed another civil action attempting to challenge the 1995 convictions. *Warren v. Granholm*, No. 2:04cv73863 (E.D. Mich.). He tried to challenge the 1995 conviction in a civil lawsuit against the Michigan Parole Board. *Warren v. Michigan Parole Board*, No. 2:05cv72700 (E.D. Mich.). Similar to what occurred in the Western District of Michigan, on July 3, 2007, Defendant filed six habeas petitions challenging other state convictions. *Warren v. Booker*, Nos. 2:07cv12769, 2:07cv12771, 2:07cv12772, 2:07cv12773, 2:07cv12775 and 2:07cv12778. The electronic case file for the Eastern District includes another seven civil actions identifying Defendant as the petitioner.

In the 05cv652 action in the Western District of Michigan in which Defendant sought to remove the criminal action for the second time, the Honorable Robert Holmes Bell enjoined Warren from filing further notices of removal of his civil action. Judge Bell instructed the Clerk of Court "to reject any attempt by Mr. Warren to remove a criminal

4

proceeding." *Warren v. MDOC*, No. 1:05cv652 (W.D. Mich. Oct. 4, 2005) (dkt. 3). It is not clear why Defendant's latest two attempts at removal were not properly flagged by the electronic docketing system.

Accordingly, under § 1455(b)(4), the court **REMANDS** this action to the state courts. The Clerk of Court shall place Mr. Brian Warren on the list of **RESTRICTED FILERS** and will reject any future attempts by him to remove a criminal proceeding. In addition, any other attempt by Mr. Warren to file a new lawsuit in this District must be referred to a Magistrate Judge for review. **IT IS SO ORDERED.**

Date:     July 16, 2025                                         /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge